# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

v.                     **CASE NO. 4:17-CR-00268 BSM**

**KEVIN KEMPER KISSEE**                                        **DEFENDANT**

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of his June 21, 2018, guilty plea, defendant Kevin Kemper Kissee shall forfeit the following:

    a. One Colt, unknown model, .25 auto caliber pistol, bearing serial number 284604;

    b. One Beretta, model 21A-22LR, .22 caliber pistol, bearing serial number BES78992U;

    c. One Marlin, model 783, .22 caliber rifle, bearing serial number 26627489;

    d. One Beretta, model ARM 160, .22 caliber rifle, bearing serial number PB023168;

    e. One Sturm, Ruger & Co. Inc., model Mini-14, .223 Remington caliber rifle, bearing serial number 181-81180;

    f. One Savage Arms Inc., model 24S, .22 caliber and 20 gauge combination rifle/shotgun, bearing serial number E076411;

    g. One Savage Arms Inc., unknown model, .22 caliber rifle, bearing serial number 77.731;

    h. One Walther, model P22, .22 caliber pistol, bearing serial number L194838;

    i. One Glock, model 22, 40 S&W caliber pistol, bearing serial number MNY988;

    j. One Grendel, Inc., model P-12, .380 caliber pistol, bearing serial number 24608;

k. One Smith and Wesson, model 12-2, .38 SPL caliber revolver, bearing serial number D656113;

l. One Taurus International, model The Judge, .410/.45LC caliber revolver, bearing serial number DM986890;

m. One Colt, model Detective Spec, .38 SPL caliber revolver, bearing serial number 52212M;

n. One H. Weilrauch, unknown model, .38 SPL caliber revolver, bearing serial number 1517504;

o. One Rohm Gesellschaft, model RG31, .38 SPL caliber revolver, bearing serial number 0063114;

p. One Sturm, Ruger & Co. Inc., model Mark II, .22 caliber pistol with a defaced serial number;

q. One Sturm, Ruger & Co. Inc., unknown model, .22 caliber pistol with a defaced serial number; and

r. Assorted ammunition seized on May 25, 2017, from the residence at 4006 East Highland Drive in Jonesboro, Arkansas, and Kissee Auto Sales at 4311 East Nettleton, with a separate storage at 4309 East Nettleton, in Jonesboro, Arkansas.

(collectively "property subject to forfeiture").

2. Upon the entry of this order, the United States Attorney General or a designee (collectively "Attorney General") is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3). Further, the Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights.

3. The United States shall publish, in such a manner as the Attorney General may direct, notice of this order and the United States' intent to dispose of the property subject to forfeiture. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property subject to forfeiture.

4. Any person, other than defendant, asserting a legal interest in the property subject to forfeiture may file a petition for a hearing, without a jury, to adjudicate the validity of his or her alleged interest in the property and for an amendment of this order. *See* 21 U.S.C. § 853(n)(2); 28 U.S.C. § 2461(c). This petition must be filed within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(2).

5. This preliminary order of forfeiture shall become final as to defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Fed. R. Crim P. 32.2(b)(4)(A). If no third party files a timely claim, this order shall become the final order of forfeiture. Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the property subject to forfeiture shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property subject to forfeiture, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property subject to forfeiture, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted

in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property subject to forfeiture following the disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

9. Jurisdiction to enforce and amend this order shall be retained herein. *See* Fed. R. Crim. P. 32.2(e).

Entered this 27th day of July 2018.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE